Law In Force

### 3.34.— Statement of affairs: expenses

(1) The expenses of a nominated person which the administrator considers to have been reasonably incurred in making a statement of affairs or of a relevant person in making a statement of concurrence must be paid by the administrator as an expense of the administration.

(2) A decision by the administrator that expenses were not reasonably incurred (and are therefore not payable as an expense of the administration) may be appealed to the court.

**Commencement**

Pt 3(6) rule 3.34(1)-(2):  April 6, 2017

**Extent**

Pt 3(6) rule 3.34(1)-(2): England, Wales

## CHAPTER 7

Administrator's proposals

 Law In Force

**note**
[Note: a document required by the Act or these Rules must also contain the standard contents set out in Part 1.]

**Commencement**

Pt 3(7) rule .note:  April 6, 2017

**Extent**

Pt 3(7) rule .note: England, Wales

 Law In Force

### 3.35.— Administrator's proposals: additional content

(1) The administrator's statement of proposals made under paragraph 49 of Schedule B1[1] (which is required by paragraph 49(4) to be delivered to the registrar of companies, creditors and members) must identify the proceedings and, in addition to the matters set out in paragraph 49, contain—
    (a)  any other trading names of the company;
    (b)  details of the administrator's appointment, including—
        (i)  the date of appointment,
        (ii)   the person making the application or appointment, and



   (iii) where a number of persons have been appointed as administrators, details of the matters set out in paragraph 100(2) of Schedule B1 relating to the exercise of their functions;
(c) the names of the directors and secretary of the company and details of any shareholdings in the company which they may have;
(d) an account of the circumstances giving rise to the appointment of the administrator;
(e) the date the proposals are delivered to the creditors;
(f) if a statement of the company's affairs has been submitted—
  (i) a copy or summary of it, except so far as an order under rule 3.45 or 3.46 limits disclosure of it, and excluding any schedule referred to in rule 3.30(6)(b), or the particulars relating to individual creditors contained in any such schedule,
  (ii) details of who provided the statement of affairs, and
  (iii) any comments which the administrator may have upon the statement of affairs;
(g) if an order under rule 3.45 or 3.46 has been made—
  (i) a statement of that fact, and
  (ii) the date of the order;
(h) if no statement of affairs has been submitted—
  (i) details of the financial position of the company at the latest practicable date (which must, unless the court orders otherwise, be a date not earlier than that on which the company entered administration), and
  (ii) an explanation as to why there is no statement of affairs;
(i) a full list of the company's creditors in accordance with paragraph (2) if either—
  (i) no statement of affairs has been submitted, or
  (ii) a statement of affairs has been submitted but it does not include such a list, or the administrator believes the list included is less than full;
(j) a statement of—
  (i) how it is envisaged the purpose of the administration will be achieved, and
  (ii) how it is proposed that the administration will end, including, where it is proposed that the administration will end by the company moving to a creditors' voluntary winding up—
   (aa) details of the proposed liquidator,
   (bb) where applicable, the declaration required by section 231, and
   (cc) a statement that the creditors may, before the proposals are approved, nominate a different person as liquidator in accordance with paragraph 83(7)(a) of Schedule B1 and rule 3.60(6)(b);
(k) a statement of either—
  (i) the method by which the administrator has decided to seek a decision from creditors as to whether they approve the proposals, or
  (ii) the administrator's reasons for not seeking a decision from creditors;
(l) the manner in which the affairs and business of the company—
  (i) have, since the date of the administrator's appointment, been managed and financed, including, where any assets have been disposed of, the reasons for the disposals and the terms upon which the disposals were made, and
  (ii) will, if the administrator's proposals are approved, continue to be managed and financed;



  (m) a statement whether the proceedings are [COMI proceedings, establishment proceedings or proceedings to which the EU Regulation as it has effect in the law of the United Kingdom does not apply]² ; and
  (n) any other information that the administrator thinks necessary to enable creditors to decide whether or not to approve the proposals.

(2) The list of creditors required by paragraph (1)(i) must contain the details required by subparagraph (3) except where paragraphs (4) and (5) apply;

(3) The particulars required by paragraph (2) are as follows and must be given in this order—
  (a) the name and postal address of the creditor;
  (b) the amount of the debt owed to the creditor;
  (c) details of any security held by the creditor;
  (d) the date on which any such security was given; and
  (e) the value of any such security;

(4) This paragraph applies where the particulars required by paragraph (3) relate to creditors who are either—
  (a) employees or former employees of the company; or
  (b) consumers claiming amounts paid in advance for the supply of goods and services.

(5) Where paragraph (4) applies—
  (a) the list of creditors required by paragraph (1)(i) must state separately for each of paragraphs (4)(a) and (b) the number of the creditors and the total of the debts owed to them; and
  (b) the particulars required by paragraph (3) in respect of such creditors must be set out in separate schedules to the list of creditors for each of suba-paragraphs (4)(a) and (b); and
  (c) the administrator must not deliver any such schedule to the registrar of companies with the statement of proposals.

(6) Except where the administrator proposes a CVA in relation to the company, the statement made by the administrator under paragraph 49 of Schedule B1 must also include—
  (a) to the best of the administrator's knowledge and belief, an estimate of the value of—
    (i) the prescribed part (whether or not the administrator might be required under section 176A to make the prescribed part available for the satisfaction of unsecured debts), and
    (ii) the company's net property (as defined by section 176A(6)); and
  (b) a statement whether the administrator proposes to make an application to the court under section 176A(5) and if so the reason for the application.

(7) The administrator may exclude from an estimate under paragraph (6)(a) information the disclosure of which could seriously prejudice the commercial interests of the company.

(8) If the exclusion of such information affects the calculation of an estimate, the report must say so.

(9) The document containing the statement of proposals must include a statement of the basis on which it is proposed that the administrator's remuneration should be fixed by a decision in accordance with Chapter 4 of Part 18 of these Rules.

(10) Where applicable the document containing the statement of proposals must include—



(a)  a statement of any pre-administration costs charged or incurred by the administrator or, to the administrator's knowledge, by any other person qualified to act as an insolvency practitioner in relation to the company;
(b)  a statement that the payment of any unpaid pre-administration costs as an expense of the administration is—
  (i)  subject to approval under rule 3.52, and
  (ii)  not part of the proposals subject to approval under paragraph 53[3] of Schedule B1.

**Notes**

[1] Paragraph 49(4) is amended by paragraph 10(2) of Schedule 9 to the Small Business, Enterprise and Employment Act 2015 (c.26).
[2] Words substituted by Insolvency (Amendment) (EU Exit) Regulations 2019/146 Sch.1(4) para.66 (December 31, 2020: substitution has effect subject to savings specified in SI 2019/146 regs 4 and 5)
[3] Paragraph 53 and the preceding heading are amended by paragraph 10(8) to (1) of Schedule 9 to the Small Business, Enterprise and Employment Act 2015 (c.26).

**Commencement**

Pt 3(7) rule 3.35(1)-(10)(b)(ii):  April 6, 2017

**Extent**

Pt 3(7) rule 3.35(1)-(10)(b)(ii): England, Wales

 Law In Force

### 3.36.  Administrator's proposals: statement of pre-administration costs

A statement of pre-administration costs under rule 3.35(10)(a) must include—
  (a)  details of any agreement under which the fees were charged and expenses incurred, including the parties to the agreement and the date on which the agreement was made;
  (b)  details of the work done for which the fees were charged and expenses incurred;
  (c)  an explanation of why the work was done before the company entered administration and how it had been intended to further the achievement of an objective in paragraph 3(1) of Schedule B1 in accordance with sub-paragraphs (2) to (4) of that paragraph;
  (d)  a statement of the amount of the pre-administration costs, setting out separately—
    (i)  the fees charged by the administrator,
    (ii)  the expenses incurred by the administrator,
    (iii)  the fees charged (to the administrator's knowledge) by any other person qualified to act as an insolvency practitioner in relation to the company (and, if more than one, by each separately), and
    (iv)  the expenses incurred (to the administrator's knowledge) by any other person qualified to act as an insolvency practitioner in relation to the company (and, if more than one, by each separately);
  (e)  a statement of the amounts of pre-administration costs which have already been paid (set out separately as under sub-paragraph (d));

